IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| BROADBAND OFFICE, INC.,<br><br>       Plaintiff,<br><br>vs.<br><br>DITTO COMMUNICATIONS TECHNOLOGIES, INC.,<br><br>       Defendant. | Civil No. 04-399 (GMS) |

**PLAINTIFF'S MOTION FOR
LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff BBO Liquidation Corp. ("Plaintiff"), as successor-in-interest to BroadBand Office, Inc. ("BBO"),[1] by and through Plaintiff's undersigned counsel, hereby files this motion for leave to file a First Amended Complaint (the "Amended Complaint") in the form attached hereto as **Exhibit 1**,[2] and in support hereof states as follows:

FACTS

1. On December 23, 2004 (the "Complaint Filing Date"), Plaintiff filed a complaint (the "Complaint") against defendant Ditto Communications Technologies, Inc. ("Defendant") and served Defendant with the Summons and a copy of the Complaint. On March 5, 2004, Defendant filed and served its answer to the Complaint (the "Answer").

---

[1] By virtue of an order (the "Confirmation Order") confirming the First Amended Joint Liquidating Plan of the Debtor and the Official Committee of Unsecured Creditors, entered by this Court in BBO's Chapter 11 case, styled as *In re BroadBand Office, Inc.* and pending as Case No. 01-1720 (GMC) before the United States Bankruptcy Court for the District of Delaware, BBO's rights to pursue the claims in this adversary proceeding were transferred to Plaintiff. References herein to acts of Plaintiff should be construed also to include acts of BBO, as appropriate.

[2] A redlined version illustrating the material changes made by the First Amended Complaint to the original Complaint is attached hereto as **Exhibit 2**. Because of some formatting changes caused by the withdraw of the reference of the case to the United States District Court for the District of Delaware and relocation of counsel for the plaintiff, certain non-material changes in the caption and signature block are not redlined.

2.      The payments referenced in the Complaint were made to "Dittcomm Technologies." Initially, Plaintiff believed that this was a trade name for Defendant. After further review of the records of the Texas Secretary of State, discussions with Defendant's prior counsel, and denials by Defendant on the record in this adversary proceeding, Plaintiff believes it is possible that the transferee of those payments is actually Donald W. Ditto ("Mr. Ditto"). Therefore, Plaintiff seeks to file the Amended Complaint to name both Defendant and Mr. Ditto as named defendants. No claims are asserted in the Amended Complaint other than those asserted in the original Complaint.

ANALYSIS

3.      Fed. R. Civ. P. 15(a), made applicable in this adversary proceeding pursuant to Fed. R. Bankr. P. 7015, provides that absent the written consent of the non-moving litigant, "a party may amend the party's pleading only by leave of the court" and also provides that "leave shall be freely given when justice so requires." It is well-settled that leave to amend a complaint should be liberally granted. Forman v. Davis, 371 U.S. 178, 182 (1962); Adams v. Gould Inc., 739 F.2d 858, 867-68 (3rd Cir. 1984); Coventry v. U.S. Steel Corp., 856 F.2d 514, 519 (3rd Cir. 1988) (citing Heyl & Patterson Int'l., Inc. v. F.D. Rich, Inc., 663 F.2d 419, 425 (3rd Cir. 1981)) ("[c]ourts have shown a strong liberality . . . in allowing amendments under Rule 15(a)"); Boleau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3rd Cir. 1984); In re Gailey, Inc., 119 B.R. 504 (Bankr. W.D. Pa. 1990); In re Jones, 91 B.R. 725 (Bankr. W.D.Pa. 1988).

4.      Denial of leave to amend a complaint is appropriate only if there is undue delay, if it is motivated by bad faith, if it is prejudicial to the opposing party, or if the amendment would be futile. See Adams, 739 F.2d at 867-68; U.S. v. Donald Lane Constr., 19 F. Supp. 2d 217, 221 (D. Del. 1998). Generally, a defendant is prejudiced only where it is "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." Cuffy v. Getty Ref. & Mktg. Co., 648 F. Supp. 802, 806 (D. Del. 1986) (quoting Heyl

& Patterson Intern., 663 F.2d at 426). "Undue prejudice is more than mere inconvenience: it is found only where the party must overhaul its entire litigation strategy." CHEP USA v. Fleming Cos., Inc. (In re Fleming Cos., Inc.), 319 B.R. 359, 362 (Bankr. D.Del. 2005).

     5.     Plaintiff is also requesting that the filing and service of the Amended Complaint relate back to the Original Filing Date. Fed. R. Civ. P. 15(c)(3) permits an amendment to relate back to the original complaint if: (1) the claim or defense asserted in the amended pleading arose from the conduct, transaction, or occurrence of the original pleading; (2) the party to be brought in by amendment received notice, within 120 days of filing of the complaint, in such a manner that it will not be prejudiced in maintaining a defense; and (3) the party to be brought in by amendment knew or should have known, within 120 days of filing of the complaint, that the action would have been brought against it but for a mistake concerning the identity of the proper party.

     6.     The first element of Rule 15(c)(3) is easily met because Plaintiff is not seeking to add any causes of action nor any additional transfers to the complaint. Rather, Plaintiff is simply seeking to add Mr. Ditto as an additional defendant in this adversary proceeding. As such, the claims asserted in the Amended Complaint arise out of the same conduct, transactions and occurrences as the Complaint. See In re Randall's Island Family Golf Centers, 2002 WL 31496229, *2 (Bankr. S.D.N.Y. 2002) (holding that the first element of Rule 15(c)(3) is met where "the new claim involves the same transfers as those implicated in the preference action against" the defendant named in the complaint); In re Newcare Health Corp., 274 B.R. 307, (Bankr. D. Mass. 2002) (finding that the claim asserted in the amended complaint arises out of the same conduct, transaction or occurrence where no new claims are presented and no new operative facts are alleged).

     7.     The second element of Rule 15(c)(3), the notice requirement, is also clearly met in this case. Notice under Rule 15(c)(3) may be actual, constructive or imputed. In re Color Tile, 316 B.R. 621, 627 (D. Del. 2004). One method employed by the Third Circuit for imputing notice to a party is the "identity of interest" method. Under the identity of interest method, notice will be

imputed to the party sought to be added to the complaint if the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation. E.I. duPont de Nemours & Co. v. Phillips Petroleum Co., 621 F.Supp. 310, 314 (D. Del. 1985). Examples of where an identity of interest have been found include a parent corporation and a wholly owned subsidiary, In re MBC Greenhouse, Co., 307 B.R. 787, (Bankr. D. Del. 2004); two related corporations which had substantially similar officers, directors or shareholders, Ramsey Group, Inc. v. EGS Int'l, Inc., 208 F.R.D. 559, 564 (W.D. N.C. 2002) and past and present forms of the same business enterprise. Sorrels v. Sears, Roebuck & Co., 84 F.R.D. 663, 667 (D. Del. 1979). Under the identity of interest method, notice will be imputed to the party sought to be added to the complaint if the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation. Mr. Ditto is the president of Defendant. Prior to Defendant's engaging counsel, all communications between Plaintiff and Dittcomm Technologies occurred through Mr. Ditto. In fact, the original summons served upon Defendant was directed to Mr. Ditto. Accordingly, constructive notice of the adversary proceeding can be imputed to Mr. Ditto under the identity of interest method.

        8.        Finally, the third element of Rule 15(c)(3), the mistake element, is met in this case. While the text of Rule 15(c)(3) suggests that the mistake element only applies to misnamed or misdescribed parties, the rule is widely held to allow the addition of new parties that were never originally named or described. See Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc., 801 F.Supp. 1450, 1457 (E.D.Pa. 1992) (allowing the plaintiff to substitute a real party for a John Doe defendant); Urrutia v. Harrisburg County Police Depart., 91 F.3d 451, 457-58 (3d. Cir. 1996) (permitting the defendant to amend its complaint to add individual officers as defendants where plaintiff intended to sue the individual officers but only named the police department in the complaint). The mistake element of Rule 15(c)(3) "is fundamentally concerned with the new party's awareness that the failure

to join it was an error rather than a deliberate strategy." Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc., 801 F.Supp. at 1457.

9. The mistake condition of Rule 15(c)(3) is fulfilled "when the original party and the added party have a close identity of interest." Johnson v. Goldstein, 850 F.Supp. 327, 330 (E.D. Pa. 1994). In such a situation, failure to join the affiliated party is more immediately recognizable as error and it is easier to establish that the new party should have know that, but for a mistake, it would have been included. Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc., 801 F.Supp. at 1457. See William H. McGee & Co. v. M/V Ming Plenty, 164 F.R.D. 601, 606 (S.D.N.Y. 1995) (holding that "[t]he misidentification of similarly named or related companies is the classic case for application of Rule 15(c) relation back").

10. Plaintiff did not make a deliberate choice to sue only Defendant. Rather, if Dittcomm Technologies is a fictitious name for Mr. Ditto instead of a fictitious name for Defendant, Plaintiff merely made a mistake in identifying the recipient of the transfers listed on Exhibit A of the Complaint. Only by naming the correct recipient of the transfers listed on Exhibit A of the Complaint could Plaintiff seek to avoid such transfers pursuant to §§ 547 or 548 of the Bankruptcy Code.

11. Leave to amend a complaint should be denied only where there is an "apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposition party, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). None of the stated grounds exist in this case. Plaintiff has acted in good faith throughout this litigation, but its ability to obtain accurate information about Defendant has been hampered.

12. Furthermore, the parties will not be prejudiced by allowing Plaintiff to amend the Complaint to add Mr. Ditto as a defendant. In determining whether a party will be prejudiced, courts consider the degree to which amending the complaint would needlessly delay the final disposition of

the case. <u>E.I. duPont de Nemours & Co. v. Phillips Petroleum Co.</u>, 621 F.Supp. at 315. In amending the Complaint to add Mr. Ditto as a defendant, Plaintiff is neither alleging new facts nor seeking to add any additional transfers to the Complaint. As such, the parties will not require additional time to develop their claims and defenses or to conduct discovery.

13. Plaintiff waives the right to file a brief in support of this motion pursuant to D. Del. LR. 7.1.2.(a)(3).

WHEREFORE, Plaintiff requests that this Court (i) grant Plaintiff leave to file the Amended Complaint in accordance with the proposed order filed herewith, relating back to the Original Filing Date, and (ii) grant such further relief as this Court deems just and proper.

Dated: January 6, 2006  
       Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

 /s/ Adam Hiller  
David M. Fournier (DE No. 2812)  
Adam Hiller (DE No. 4105)  
Evelyn J. Meltzer (DE No. 4581)  
Hercules Plaza, Suite 5100  
1313 North Market Street  
Wilmington, Delaware 19801  
Telephone: (302) 777-6500  
Facsimile: (302) 421-8390

Counsel for Plaintiff