IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BBO LIQUIDATION CORP., as successor-in-interest to BROADBAND OFFICE, INC.,<br><br>                      Plaintiff,<br><br>vs.<br><br>DITTO COMMUNICATIONS TECHNOLOGIES INC. D/B/A DITTCOMM TECHNOLOGIES,<br><br>and<br><br>DONALD W. DITTO D/B/A DITTCOMM TECHNOLOGIES,<br><br>                      Defendants. | Civil Case No. 04-399 (GMS) |

## FIRST AMENDED COMPLAINT FOR AVOIDANCE OF PREPETITION TRANSFERS

BBO Liquidation Corp. ("Plaintiff"), as successor-in-interest to BroadBand Office, Inc. (the "Debtor"), by its undersigned attorneys, files this first amended complaint for avoidance of prepetition transfers (the "Complaint") against DITTO COMMUNICATIONS TECHNOLOGIES INC. D/B/A DITTCOMM TECHNOLOGIES ("DCT") and DONALD W. DITTO D/B/A DITTCOMM TECHNOLOGIES ("Ditto," and collectively with DCT, "Defendant"), and in support hereof alleges as follows:

JURISDICTION, VENUE, AND PARTIES

1.     This Court has subject matter jurisdiction over this adversary proceeding pursuant 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because this adversary proceeding arises in and relates to a bankruptcy case pending in this district.

2.     The Debtor was a domestic corporation organized under the laws of the State of Delaware and was dissolved on September 23, 2005 (the "Plan Effective Date") by entry of the Order

Confirming First Amended Joint Liquidating Plan Of The Debtor And The Official Committee Of Unsecured Creditors (the "Confirmation Order") in the Chapter 11 case styled as <u>In re BroadBand Office, Inc.</u>, Case No. 01-1720 (GMS), in the United States Bankruptcy Court for the District of Delaware.

3. Plaintiff is a trust formed to receive and administer certain assets of the Debtor on the Plan Effective Date, including but not limited to the claims asserted by the Debtor in the above-captioned action.

4. Upon information and belief, DCT is a Texas corporation subject to service of process pursuant to Federal Rule of Bankruptcy Procedure 7004(b) anywhere in the United States, conducting business under the trade name Dittcomm Technologies.

5. Upon information and belief, Ditto is an individual subject to service of process pursuant to Federal Rule of Bankruptcy Procedure 7004(b) anywhere in the United States, conducting business under the trade name Dittcomm Technologies.

6. On May 9, 2001 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

## FACTS COMMON TO ALL COUNTS

7. Within the ninety (90) day period before the Petition Date, the Debtor made one or more transfers of property to Defendant, in the aggregate amount of at least $40,840.32 (each a "Transfer," and collectively, the "Transfers"). A description of each of the Transfers is attached hereto as **Exhibit A**.

8. At the time the Debtor made each Transfer, either (i) Defendant was a creditor of the Debtor and such Transfer was made on account of an antecedent debt of the Debtor, or (ii) the Debtor did not receive fair or reasonably equivalent value in exchange for the making of such Transfer.

WL: #181696 v2 (3w7402!.DOC)

9. At the time the Debtor made each Transfer, the Debtor was insolvent or was rendered insolvent by making such Transfer.

10. With respect to each Transfer, if the Debtor had not made such Transfer and filed a case under Chapter 7 of the Bankruptcy Code, Defendant would have received less than the amount of such Transfer.

11. The Debtor and Defendant entered into a Stipulation Tolling Statute of Limitations dated as of April 10, 2003, ("Tolling Agreement"), in which the parties agreed to toll and extend the deadline for the Debtor to file Avoidance Actions through and including December 31, 2003. A copy of the Tolling Agreement is attached hereto as **Exhibit B**.

## COUNT ONE
## AVOIDANCE OF PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547

12. The Debtor incorporates the allegations set forth in paragraphs 1 through 10 above as if fully set forth herein at length.

13. Each of the Transfers represents a transfer to Defendant by or on behalf of the Debtor.

14. Each of the Transfers was made within ninety (90) days before the Petition Date.

15. Each of the Transfers was made to Defendant for, or on account of, an antecedent debt owed by the Debtor at the time such Transfer was made.

16. Each of the Transfers was made while the Debtor was insolvent.

17. As a result of each of the Transfers, Defendant received more than it would have received if (i) this were a case under Chapter 7 of the Bankruptcy Code; (ii) such Transfer had not been made; and (iii) Defendant received payment on account of the claim arising from any indebtedness to which the Transfer related.

WL: #181696 v2 (3w7402!.DOC)

-4-

WHEREFORE, the Debtor respectfully requests that this Court avoid each of the Transfers, and grant such further relief as this Court deems just and proper.

## COUNT TWO
### AVOIDANCE OF FRAUDULENT CONVEYANCES UNDER 11 U.S.C. § 548

18. The Debtor incorporates the allegations set forth in paragraphs 1 through 17 above as if fully set forth herein at length.

19. Each of the Transfers represents a transfer to Defendant by or on behalf of the Debtor.

20. Each of the Transfers was made within ninety (90) days before the Petition Date.

21. The Debtor received less than a reasonably equivalent value in exchange for each of the Transfers.

22. The Debtor was insolvent on the date each of the Transfers was made or became insolvent as a result of each of the Transfers.

23. At the time Defendant received each of the Transfers, the Debtor was engaged in a business or transaction for which any property remaining with the Debtor was an unreasonably small capital.

WHEREFORE, the Debtor respectfully requests that this Court avoid each of the Transfers, and grant such further relief as this Court deems just and proper.

## COUNT THREE
### AVOIDANCE OF TRANSFERS UNDER 11 U.S.C. § 550

24. The Debtor incorporates the allegations set forth in paragraphs 1 through 23 above as if fully set forth herein at length.

WL: #181696 v2 (3w7402!.DOC)

25. To the extent that they are avoided pursuant to 11 U.S.C. §§ 544, 545, 547, 548 and/or 549, the Debtor may recover the Transfers, or the value of the Transfers, pursuant to 11 U.S.C. § 550(a).

WHEREFORE, the Debtor respectfully requests that this Court enter a Money Judgment in the Debtor's favor against Ditto Communications Technologies Inc. and Donald W. Ditto, jointly and severally, in the amount of $40,840.32 plus interest, costs of suit, and attorneys' fees, and grant such further relief as this Court deems just and proper.

Dated: January 6, 2006
      Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

 /s/ Adam Hiller
David M. Fournier (DE No. 2812)
Adam Hiller (DE No. 4105)
Evelyn J. Meltzer (DE No. 4581)
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, Delaware 19801
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

Attorneys for the plaintiff, BBO Liquidation Corp.

WL: #181696 v2 (3w7402!.DOC)

# EXHIBIT A
*In re BroadBand Office, Inc., Case No. 01-1720 (GMS)*

The Transfers include, but may not be limited to, the following payment(s):

| Amount | Type | Check No. | Date Posted |
|---|---|---|---|
| $17,596.36 | Check | 107322 | 2/26/01 |
| $23,243.96 | Check | 107746 | 3/14/01 |

# EXHIBIT B
*In re BroadBand Office, Inc., Case No. 01-1720 (GMS)*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : Chapter 11 |
| BROADBAND OFFICE, INC., | : Case No. 01-1720 (GMS) |
| Debtor. | : |

## STIPULATION TOLLING STATUTE OF LIMITATIONS

THIS STIPULATION TOLLING STATUTE OF LIMITATIONS (the "Stipulation"), dated as of April 10, 2003 by and between BroadBand Office, Inc. (the "Debtor") and Dittcomm Technologies ("Alleged Transferee") (collectively, the Debtor and Respondent constitute the "Parties").

WHEREAS, on May 9, 2001 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, and since the Petition Date has managed its affairs and remained in possession of its assets as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108; and

WHEREAS, pursuant to §§ 108 and 546(a)(1)(A) of the Bankruptcy Code, the time by which the Debtor must commence actions, if any, arising under sections 544, 555, 547, 548, 550, and/or 553 of the Bankruptcy Code ("Avoidance Actions") was originally due to expire on May 9, 2003; and

WHEREAS, the Parties have agreed to the tolling and extension of the deadline to file Avoidance Actions, subject to the terms and conditions set forth below,

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained, the Parties hereby agree as follows:

WL: #126224 v1 (2P#801!.DOC)

-2-

1.	The Parties hereby agree to toll the running of the statute of limitations period prescribed by sections 108 and 546(a)(1)(A) of the Bankruptcy Code and irrevocably extend the deadline by which the Debtor, or any party acting on behalf of the Debtor or its estate, must commence any Avoidance Action against Alleged Transferee under sections 544, 545, 547, 548, 550, and/or 553 of the Bankruptcy Code (including but not limited to related actions under state law) through and including the later of (A) December 31, 2003, and (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 302 of the Bankruptcy Code in the Debtor's case; provided, however, that (i) nothing herein shall prejudice, or be deemed to constitute a waiver of, the right of Alleged Transferee to assert any and all defenses Alleged Transferee may have with respect to any Avoidance Actions filed by or on behalf of the Debtor or its estate, except that Alleged Transferee shall not be entitled to assert a defense based upon the statute of limitations set forth in sections 108 and/or 546(a)(1)(A) of the Bankruptcy Code, or the doctrine of laches, if any such Avoidance Action is commenced on or before the above-described deadline, and (ii) this Stipulation shall not be construed in any way as an admission or denial by either of the Parties regarding any fact or circumstance.

2.	This Stipulation contains the entire agreement of the Parties with respect to the subject matter hereof and there are no representations or agreements other than those expressly set forth herein. This Stipulation may not be modified or amended except by a writing signed by each of the Parties hereto.

3.	This Stipulation shall be subject to and governed by the laws of the State of Delaware.

4.	The terms of this Stipulation shall be binding upon the Parties and their respective successors and assigns. Each person signing this Stipulation represents that such person has the

power and authority to execute this Stipulation on behalf of, and bind, the party such person purports to represent.

5.   This Stipulation may be executed in multiple counterparts as if the Parties hereto had signed a single instrument, all of which together shall constitute one agreement. Facsimile signatures will be treated as original for purposes of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed as of the date first written above.

BROADBAND OFFICE, INC.

by: _____
David M. Fournier (DE No. 2812)
Adam Hiller (DE No. 4105)
PEPPER HAMILTON LLP
Suite 1600
1201 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

DITTCOMM TECHNOLOGIES

by: _____
Print Name: DON DITTO
Title: PRESIDENT
Address: 205 Brushy Creek Rd.
           Cedar Park, TX 78613
Phone Number: 512-834-8150 x 27
Fax 512-836-8537

DITTCOMM Technologies
205 Brushy Creek Rd.
Cedar Park, TX 78613
Phone 512-834-8150

-3-