IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BBO LIQUIDATION CORP., as successor-in-interest to** BROADBAND OFFICE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DITTO COMMUNICATIONS TECHNOLOGIES INC. D/B/A DITTCOMM TECHNOLOGIES,<br><br>**and**<br><br>**DONALD W. DITTO D/B/A DITTCOMM TECHNOLOGIES,**<br><br>~~Defendant.~~<br>**Defendants.** | Civil Case No. 04-399 (GMS) |

REDLINED

**FIRST AMENDED COMPLAINT FOR AVOIDANCE OF PREPETITION TRANSFERS**

~~Broadband~~**BBO Liquidation Corp. ("Plaintiff"), as successor-in-interest to BroadBand** Office, Inc. (the "Debtor"), by its undersigned attorneys, files this **first amended** complaint for avoidance of prepetition transfers (the "Complaint") against DITTO COMMUNICATIONS TECHNOLOGIES INC. D/B/A DITTCOMM TECHNOLOGIES **("DCT") and DONALD W. DITTO D/B/A DITTCOMM TECHNOLOGIES ("Ditto," and collectively with DCT,** "Defendant"), and in support hereof alleges as follows:

JURISDICTION, VENUE, AND PARTIES

1.   This Court has subject matter jurisdiction over this adversary proceeding pursuant 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because this adversary proceeding arises in and relates to a bankruptcy case pending in this district.

2. The Debtor ~~is~~**was** a domestic corporation organized under the laws of the State of Delaware~~.~~ **and was dissolved on September 23, 2005 (the "Plan Effective Date") by entry of the Order Confirming First Amended Joint Liquidating Plan Of The Debtor And The Official Committee Of Unsecured Creditors (the "Confirmation Order") in the Chapter 11 case styled as In re BroadBand Office, Inc., Case No. 01-1720 (GMS), in the United States Bankruptcy Court for the District of Delaware.**

**3.** **Plaintiff is a trust formed to receive and administer certain assets of the Debtor on the Plan Effective Date, including but not limited to the claims asserted by the Debtor in the above-captioned action.**

**4.** ~~3.~~ Upon information and belief, ~~Defendant~~**DCT** is a **Texas** corporation ~~or other entity~~ subject to service of process pursuant to Federal Rule of Bankruptcy Procedure 7004(b) anywhere in the United States**, conducting business under the trade name Dittcomm Technologies**.

**5.** **Upon information and belief, Ditto is an individual subject to service of process pursuant to Federal Rule of Bankruptcy Procedure 7004(b) anywhere in the United States, conducting business under the trade name Dittcomm Technologies.**

**6.** ~~4.~~ On May 9, 2001 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 ~~of the Bankruptcy Code. The Debtor is managing its property as a Debtor in Possession pursuant to sections 1107(a) and 1108~~ of the Bankruptcy Code.

FACTS COMMON TO ALL COUNTS

**7.** ~~5.~~ Within the ninety (90) day period before the Petition Date, the Debtor made one or more transfers of property to Defendant, in the aggregate amount of at least $40,840.32 (each a "Transfer," and collectively, the "Transfers"). A description of each of the Transfers is attached hereto as **Exhibit A**.

**8.** ~~6.~~ At the time the Debtor made each Transfer, either (i) Defendant was a creditor of the Debtor and such Transfer was made on account of an antecedent debt of the Debtor, or (ii) the Debtor did not receive fair or reasonably equivalent value in exchange for the making of such Transfer.

**9.** ~~7.~~ At the time the Debtor made each Transfer, the Debtor was insolvent or was rendered insolvent by making such Transfer.

**10.** ~~8.~~ With respect to each Transfer, if the Debtor had not made such Transfer and filed a case under Chapter 7 of the Bankruptcy Code, Defendant would have received less than the amount of such Transfer.

**11.** ~~9.~~ The Debtor and Defendant entered into a Stipulation Tolling Statute of Limitations dated as of April 10, 2003, ("Tolling Agreement"), in which the parties agreed to toll and extend the deadline for the Debtor to file Avoidance Actions through and including December 31, 2003. A copy of the Tolling Agreement is attached hereto as **Exhibit B**.

### COUNT ONE
### AVOIDANCE OF PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547

**12.** ~~10.~~ The Debtor incorporates the allegations set forth in paragraphs 1 through ~~8~~**10** above as if fully set forth herein at length.

**13.** ~~11.~~ Each of the Transfers represents a transfer to Defendant by or on behalf of the Debtor.

**14.** ~~12.~~ Each of the Transfers was made within ninety (90) days before the Petition Date.

**15.** ~~13.~~ Each of the Transfers was made to Defendant for, or on account of, an antecedent debt owed by the Debtor at the time such Transfer was made.

**16.** ~~14.~~ Each of the Transfers was made while the Debtor was insolvent.

WL: #181696 v~~1~~**2** (3~~W7401~~**w7402**!.DOC)

**17.** ~~15.~~ As a result of each of the Transfers, Defendant received more than it would have received if (i) this were a case under Chapter 7 of the Bankruptcy Code; (ii) such Transfer had not been made; and (iii) Defendant received payment on account of the claim arising from any indebtedness to which the Transfer related.

WHEREFORE, the Debtor respectfully requests that this Court avoid each of the Transfers, and grant such further relief as this Court deems just and proper.

## COUNT TWO
### AVOIDANCE OF FRAUDULENT CONVEYANCES UNDER 11 U.S.C. § 548

**18.** ~~16.~~ The Debtor incorporates the allegations set forth in paragraphs 1 through ~~15~~**17** above as if fully set forth herein at length.

**19.** ~~17.~~ Each of the Transfers represents a transfer to Defendant by or on behalf of the Debtor.

REDLINED

**20.** ~~18.~~ Each of the Transfers was made within ninety (90) days before the Petition Date.

**21.** ~~19.~~ The Debtor received less than a reasonably equivalent value in exchange for each of the Transfers.

**22.** ~~20.~~ The Debtor was insolvent on the date each of the Transfers was made or became insolvent as a result of each of the Transfers.

**23.** ~~21.~~ At the time Defendant received each of the Transfers, the Debtor was engaged in a business or transaction for which any property remaining with the Debtor was an unreasonably small capital.

WHEREFORE, the Debtor respectfully requests that this Court avoid each of the Transfers, and grant such further relief as this Court deems just and proper.

## COUNT THREE
### AVOIDANCE OF TRANSFERS UNDER 11 U.S.C. § 550

-5-

**24.** ~~22.~~ The Debtor incorporates the allegations set forth in paragraphs 1 through ~~21~~**23** above as if fully set forth herein at length.

**25.** ~~23.~~ To the extent that they are avoided pursuant to 11 U.S.C. §§ 544, 545, 547, 548 and/or 549, the Debtor may recover the Transfers, or the value of the Transfers, pursuant to 11 U.S.C. § 550(a).

WHEREFORE, the Debtor respectfully requests that this Court enter a Money Judgment in the Debtor's favor against ~~Defendant~~**Ditto Communications Technologies Inc. and Donald W. Ditto, jointly and severally,** in the amount of $40,840.32 plus interest, costs of suit, and attorneys' fees, and grant such further relief as this Court deems just and proper.

Dated: January ~~5,~~**6,** 2006  
Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

 /s/ Adam Hiller  
David M. Fournier (DE No. 2812)  
Adam Hiller (DE No. 4105)  
Evelyn J. Meltzer (DE No. 4581)  
Hercules Plaza, Suite 5100  
1313 North Market Street  
Wilmington, Delaware 19801  
Telephone: (302) 777-6500  
Facsimile: (302) 421-8390

Attorneys for the ~~Debtor, BroadBand Office, Inc~~**plaintiff, BBO Liquidation Corp**.

REDLINED

-5-